UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TILTON, et al.,<br><br>        Defendants. | Case No. 23-cv-00843-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; DENYING AS MOOT REQUEST FOR LEAVE TO AMEND**<br><br>Re: ECF Nos. 14–20, 22, 24, 27, 28-31 |

Plaintiff, an inmate at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. This order also addresses Plaintiff's pending motions and recently filed pleadings. ECF Nos. 14–20, 22, 24, 27, 28-31. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Dismissal with Leave to Amend

The complaint names as defendants the following San Francisco Police Department ("SFPD") officials: Captain Tilton, Sergeant Calloway, Deputy Ng, Deputy Gutierrez, Deputy Murpley, and Deputy Coldoronie. The complaint is a narrative of events from November 26, 2022 to February 3, 2023, involving the named defendants. While the complaint states generally that Plaintiff is suffering from retaliation and police brutality, the complaint does not allege violations of the United States Constitution or federal law. The complaint requests as relief that Plaintiff be "released on 'OR' on ankle monitor supervision out of SFPD direct contact"; that Plaintiff be allowed to deal with his current civil rights case "free of" jail deputies; and that an emergency TRO restraining order be issued against defendants. *See generally* ECF No. 1.

The complaint is DISMISSED with leave to amend for the following reasons. While Plaintiff alleges that he suffered numerous wrongs over a four month period, he fails to specify how any of these actions violated the United States constitution or federal law. Moreover, even if Plaintiff had alleged such violations, it is unclear that claims concerning all of these violations may be brought in a single case, as set forth in Fed. R. Civ. P. 20(a)(2).

In preparing an amended complaint, the Court advises Plaintiff as follows.

First, in this action, Plaintiff may only pursue relief with respect to actions (or inactions) that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) share a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. In this action, he should only pursue the acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. To seek relief for claims arising out of other incidents or raising different questions of law, Plaintiff must bring separate actions. For example, the allegations that on November 26, 2022, defendant Murpley strip-searched Plaintiff in full view of other officers and inmates and placed him in a dirty cell arises out of a different occurrence than the allegation that on January 9, 2023, defendant Ng told other inmates that Plaintiff is a jailhouse rat/snitch. Plaintiff would need to bring one action against defendant Murpley for the strip-search and a separate action against defendant Ng for telling other inmates that Plaintiff is a jailhouse rat/snitch.

Second, Plaintiff should, for each cause of action, identify the individual defendant(s) that committed the alleged constitutional violation, specify the constitutional provision violated, specify the date and time of the alleged constitutional violation, and describe briefly what happened that violated his constitutional rights. The Court will not attempt to identify causes of actions from a narrative of events. In addition, as stated above, a pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice to state a cognizable claim for relief. *Ashcroft*, 556 U.S. at 677–78. Plaintiff must provide more than a conclusory statement that his constitutional rights were violated by prison officials and must do more than proffer a legal term,

3

such as "retaliation."

**C.     Request for Order to Show Cause for Preliminary Injunction / Temporary Restraining Order (ECF Nos. 14, 20)**

Plaintiff has filed two pleadings titled "Order to Show Cause for Temporary Preliminary Injunction Restraining TRO." ECF Nos. 14, 20. The Court construes these pleadings as requests for a preliminary injunction or temporary restraining order. In ECF No. 14, Plaintiff requests that Defendants and Jail CJ3 be enjoined from personally transporting him to any appointments, medical needs, or interviews; escorting him during in-custody movement; handling his legal mail; housing him with another inmate; and disclosing or discussing Plaintiff's civil cases with other deputies. Plaintiff requests that the Court notify or otherwise serve this request for a preliminary injunction or temporary restraining order on Defendants; and requests that he never be housed at San Francisco County Jail Unit CJ3 again. ECF No. 14 at 1-3. In ECF No. 20, Plaintiff requests that Defendants and Jail CJ3 be enjoined from having authority to classify and house him in San Francisco County Jail's CJ1, CJ2, and CJ3; speaking or complaint against him to any and all coworkers; and handling, transporting, handcuffing, or coming within 20 feet of him unless there is a reasonable safety concern. He also requests that Defendants be ordered to move him out of CJ3 and permanently house in CJ2, and that Defendants have the TRO and a misconduct finding placed in their employee files. ECF No. 20 at 11–18.

The requests for a temporary restraining order or preliminary injunction, ECF Nos. 14, 20, are DENIED because there is currently no operative complaint and it is unclear if the injunctive relief will be of the same character as the relief sought in any operative complaint. A plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." There is a sufficient nexus if the interim order "would grant 'relief of the same character as that which may be granted finally.'" *Id.* (citation omitted); *see, e.g., id.* at 636-38 (district court properly denied

4

plaintiff's request for injunction to prevent HIPAA violation, where plaintiff had not asserted claim for HIPAA violation). The denial is without prejudice to Plaintiff seeking injunctive relief, if appropriate, after he has filed a complaint that the Court has determined states cognizable claims.

**D.     Request for Appointment of Counsel (ECF No. 15; ECF No. 19 at 1-5) and for Assistance in Gathering Evidence (ECF No. 24 at 4)**

Plaintiff has requested appointment of counsel. ECF No. 15; ECF No. 19 at 1–5. Plaintiff argues that appointment of counsel is warranted because he is unable to afford counsel; his imprisonment greatly limits his ability to litigate; the issues involved are complex and will require legal research and time in the law library but his placement in administrative segregation prevents him from moving freely to gather information; trial will involve testimony, motions, cross-examination, investigation, and filing deadlines that he is unable to meet because of his incarceration; he is currently housed in the same building as the named defendants, thereby restricting his ability to litigate; he has been hospitalized in the past two weeks and diagnosed with higher than normal stress and anxiety levels which have affected his heart, and will prevent him from keeping up with filings and deadlines; h e has sought counsel without success; he is unable to exercise his constitutional right to access the law library, speak to jailhouse lawyers, have reasonable access to the phone, or use any attorney listing resources; he has no access to gather discovery, medical records or other evidence of material facts; Defendants have removed his privilege to burden his efforts to exercise his constitutional rights and use of the inmate grievance system; his grievances have not been responded to; and his current housing placement is not justified and is intended solely as retaliation or to limit his ability to exercise his constitutional rights. ECF No. 15; ECF No. 19 at 1–5.

The Court DENIES Plaintiff's requests for appointment of counsel for failure to demonstrate exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is

5

within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is unclear at this point as there is no operative complaint. Plaintiff has been able to articulate his claims *pro se* and file numerous pleadings despite his incarceration and housing placement. The requests for appointment of counsel is therefore denied for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 15; ECF No. 19 at 1–5.

Plaintiff has also requested help in gathering evidence, including the "correct reports" and "doctors reports," stating that his incarceration and jail officials are preventing him from gathering evidence. ECF No. 24 at 4. This request is DENIED. The Court cannot assist Plaintiff in gathering evidence.

E. **Request for Leave to File Amended or Supplemental Complaint (ECF Nos. 16–18, 29, 30)**

Plaintiff has requested leave to file an amended complaint to include facts regarding his hospitalization with a rare heart condition. ECF No. 16. Plaintiff has also filed supplemental complaints in the docket, which the Court construes as requesting leave to file supplemental complaints. ECF Nos. 17, 18, 29, 30.[1] Plaintiff has also filed a demand for jury trial with an accompanying declaration and support for damages. ECF No. 22.

These requests to amend or supplement the complaint are DENIED as moot as the Court has already granted Plaintiff leave to amend. In the amended complaint, Plaintiff should bring all the claims he wishes to bring and identify all the defendants he wishes to sue. If Plaintiff seeks a

---

[1] ECF No. 18 appears to be a duplicate of ECF No. 17. *Compare* ECF No. 17 *with* ECF No. 18.

jury trial or damages, he should so specify in his amended complaint. Plaintiff may not amend, or add to, the operative complaint piecemeal. Supplemental complaints are disfavored because they require the Court to piece together causes of actions or identify defendants by referring to multiple pleadings in the docket.

The amended complaint must comply with Fed. R. Civ. P. 20(a)(2), which provides that a party may only pursue relief with respect to actions (or inactions) that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) share a common question of law or fact, Fed. R. Civ. P. 20(a)(2), and 42 U.S.C. § 1997e, which requires inmates to exhaust administrative remedies for all the claims for which they seek relief *prior* to filing a complaint regarding these claims, 42 U.S.C. § 1997e(a); *see McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available administrative remedies *before* filing suit); *Saddozai v. Davis*, 35 F.4th 705, 708-10 (9th Cir. 2022) (exhaustion requirements apply based on when plaintiff files operative complaint; prisoner who files original complaint (when he had not exhausted his remedies) and then files an amended complaint (when he had fully exhausted his remedies) satisfies exhaustion requirement).

Per Plaintiff's requests, the Court orders the Clerk to include two copies of the court's complaint form with a copy of this order to Plaintiff.

**F.      Request for Entry of Default (ECF No. 19 at 6–8)**

Plaintiff has requested that the Court enter default against Defendants and grant his motion for a temporary restraining order or preliminary injunction because more than twenty days have passed since he filed the temporary restraining order, summons, and complaint, and Defendants have failed to answer or otherwise defend. ECF No. 19 at 6–8. Plaintiff's request is DENIED. Defendants have not yet been served. Until Defendants are served, they have no obligation to answer or defend against the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).

**G.      Recent Court Filings**

The Court has docketed four letters from Plaintiff in this action that are addressed to the Court Clerk. ECF Nos. 9-12. These letters report the status of Plaintiff's discovery efforts; complain about his prison conditions; report that Plaintiff lives in fear of retaliation for reporting

sexual harassment, misconduct, racist threats, and terrorist threats; request that he be moved to a facility where he does not encounter Defendants; request Plaintiff's release from prison on bail; request that Plaintiff be free of lockdowns; and provide copies of grievance forms and other evidence. *See generally* ECF Nos. 9-12.  Any correspondence regarding this case, whether addressed to the Clerk of the Court or titled a pleading, is docketed in this action.  The Clerk of the Court cannot assist Plaintiff with his case or order relief for Plaintiff.  The Clerk of the Court also cannot provide legal advice, assist with gathering evidence, or order that Plaintiff be released on his own recognizance.

Plaintiff has also filed various declarations with the Court that purport to support his allegations, inform the Court of alleged mistreatment as they occur, or support his previously filed pleadings.  Dkt. Nos. 24, 28, 31.  Plaintiff should refrain from writing letters to the Court to report on events as they happen or to provide evidence to the Court as he collects it.  The Court is not a depository for Plaintiff's prematurely filed evidence.  To the extent Plaintiff has collected evidence that he believes supports his claims, the appropriate time to present evidence is when filing or opposing a dispositive motion, or at trial.  Evidence filed prematurely with the Court has no legal effect and will not be considered.

**In the future, Plaintiff should only file pleadings in this action if he is requesting court action related to this case, such as an extension of a deadline.**

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DISMISSES the complaint with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies.  The amended complaint must include the caption and civil case number used in this order, Case No. C 23-00843 JST (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the

defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

2. The Court DENIES without prejudice Plaintiff's requests for a temporary restraining order or preliminary injunction. ECF Nos. 14, 20.

3. The Court DENIES Plaintiff's requests for appointment of counsel without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 15; ECF No. 19 at 1–5.

4. The Court DENIES Plaintiff's requests for leave to file an amended or supplemental complaint as moot. ECF Nos. 16–18, 29, 30.

5. The Court DENIES Plaintiff's request for entry of default against Defendants. ECF No. 19 at 6–8.

This order terminates ECF Nos. 14–20, 22, 29, 30.

**IT IS SO ORDERED.**

Dated: October 17, 2023

_____
JON S. TIGAR
United States District Judge