UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>TILTON, et al.,<br><br>    Defendants. | Case No. 23-cv-00843-JST<br><br>**ORDER OF SERVICE**<br>Re: ECF No. 37 |

Plaintiff, a pretrial detainee in the custody of the City and County of San Francisco, has filed the instant action pursuant to 42 U.S.C. § 1983. When Plaintiff commenced the action, he was proceeding *pro se*, and the Court granted him leave to proceed *in forma pauperis*. *See* ECF Nos. 1–3, 8, 33. Since then, Plaintiff has retained counsel, who appeared in this action on November 14, 2023. ECF No. 34. The amended complaint, ECF No. 37, is now before the Court for review under 28 U.S.C. § 1915A.

**I.   DISCUSSION**

    **A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.     Amended Complaint

The Court has reviewed the amended complaint and finds that the claims stated are cognizable. However, the Court DISMISSES the Doe defendants for the following reasons. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. Accordingly, the Court DISMISSES the Doe defendants from this action without prejudice to Plaintiff seeking leave to file a second amended complaint to add these individuals as defendants once he ascertains their identities. Because Plaintiff is proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(d), the Court orders the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, the amended complaint on the named defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.     The Court DISMISSES the Doe Defendants from this action without prejudice to Plaintiff seeking leave to file a second amended complaint to add these individuals as defendants

1   once he ascertains their identities.

2      2.      The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (ECF No. 37), with all attachments thereto, and a copy of this order upon defendant the City and County of San Francisco at San Francisco City Hall, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, and defendants San Francisco Sheriff's Office deputy Coldoronie, lieutenant Gomez, sergeant Hayes, senior deputy Mercado, deputy Murphy, deputy Ng, chief deputy Stephen Tilton, and sergeant Vigil at the San Francisco Sheriff's Office, San Francisco City Hall, Room 456, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.  A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the San Francisco City Attorney's Office.

3.      The Court hereby sets a Case Management Conference on May 7, 2024 at 2:00 p.m.  An updated Joint Case Management Conference Statement is due by April 30, 2024.

**IT IS SO ORDERED.**

Dated:  March 14, 2024

_____
JON S. TIGAR
United States District Judge

3