UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MATTHEW JOHNSON, | Case No. 23-cv-00843-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING AND DENYING IN PART MOTION TO DISMISS** |
| TILTON et al., | Re: ECF No. 79 |
| Defendants. | |

# INTRODUCTION

In this 42 U.S.C. § 1983 civil rights action, the plaintiff Matthew Johnson alleges that defendants City and County of San Francisco (CCSF) and seven individually named defendants violated his constitutional rights by subjecting him to abusive treatment while he was a pretrial detainee in San Francisco County Jail. The defendants move to dismiss and/or strike portions of the Third Amended Complaint (TAC). The motion is granted in part and denied in part.

# STATEMENT

The court's prior order details the procedural history and the full scope of the plaintiff's allegations.[1] In relevant part, the plaintiff alleges that, during his detention, he was wrongfully

---
[1] Order – ECF No. 69.

ORDER – No. 23-cv-00843-LB

placed in administrative segregation without justification or review.[2] The plaintiff initiated grievance procedures against Defendant Murphy and filed a lawsuit, for which deputies allegedly retaliated against him.[3] While in administrative segregation in March 2023, the plaintiff experienced increased heart rate, difficulty breathing, and chest pain. Defendant Ferrer failed to summon medical help until the plaintiff lost consciousness.[4] Hospital staff diagnosed the plaintiff with an abnormal heart flutter, suggested surgery, and ordered that the plaintiff remain at County Jail 2 under medical observation.[5] Notwithstanding the instruction, Defendant Gomez transferred the plaintiff to County Jail 3.[6] In March 2023, after the operation, doctors discharged the plaintiff and instructed that he needed an extra mattress and blankets.[7] Defendant Mercado removed the plaintiff's extra bedding in June 2023.[8]

## ANALYSIS

The defendants move to dismiss the plaintiff's claims for (1) failure to summon medical aid, (2) Bane Act liability based on the same, (3) intentional infliction of emotional distress (IIED) against Defendant Ferrer and the city, (4) *Monell* liability, (5) constitutional violations by Defendant Mercado, (6) IIED against Defendant Mercado, (7) constitutional violations by Defendant Gomez, and (8) a first amendment violation by Defendant Murphy. They further move to strike purportedly immaterial allegations and the Doe defendants. The motion is denied with respect to the Bane-Act claim, the underlying failure-to-summon claim, and IIED by Defendant Mercado. The motion is granted with respect to *Monell* liability, IIED by Defendant Ferrer and the city, and the claims against defendants Mercado, Gomez, and Murphy. The court grants the

---

[2] TAC – ECF No. 78 at 6–7 (¶¶ 32–34), 10 (¶ 50).
[3] *Id.* at 6–7 (¶ 29–32), 10 (¶ 47), 15 (¶ 80).
[4] *Id.* at 8–9 (¶¶ 42–43).
[5] *Id.* at 9 (¶ 43).
[6] *Id.* at 10 (¶¶ 47–48).
[7] *Id.* at 10 (¶ 50).
[8] *Id.* at 11 (¶ 51).

motion to strike, in part, and reserves ruling on whether the Doe defendants should be stricken pending resolution of discovery disputes.

### 1. Claim 11: Failure to Summon Medical Care

The issue is whether the TAC states a claim for failure to summon medical care. It does.

In California, a public entity is not liable for an injury to any prisoner except as provided in section 845.6. Cal. Gov't Code Section 844.6(a)(2). That exception imposes liability where the entity "knows or has reason to know that the prisoner is in need of immediate medical care and . . . fails to take reasonable action to summon such medical care."

The TAC alleges that "CCSF employees . . . failed to summon immediate medical attention despite Mr. Johnson's continuous pleas for help and informing them about his increased heart rate, difficulty breathing, and chest pain."[9] That plausibly alleges that the exception to immunity applies because, viewed in the light most favorable to the plaintiff, the employees were on notice that the plaintiff required immediate medical care for a potentially serious medical issue.

The defendants' arguments to the contrary fail. First, the court previously dismissed the claim with leave to amend based on the plaintiff's failure to identify a city employee.[10] Now, the TAC identifies Defendant Ferrer. The defendants further argue that they reasonably provided medical care by taking the plaintiff to the hospital after he lost consciousness, as alleged in the complaint.[11] Perhaps so, but the complaint plausibly alleges that the defendants should have acted sooner.

The claim survives.

### 2. Claim 9: Bane Act

The issue is whether the TAC states a claim under the Bane Act as to CCSF. It does, because the claim turns on failure to summon medical care and the TAC addressed the underlying issues.

---

[9] *Id.* at 8–9 (¶ 42).

[10] Order – ECF No. 69 at 17–18 (rejecting as insufficient, with leave to amend, allegation that "Does 1-5" failed to summon medical care).

[11] Mot. – ECF No. 79 at 16.

The legal standard for the Bane Act is set forth in the court's prior order. The court granted the motion to dismiss because the allegation that "Does 1-5" failed to summon medical care did not provide sufficient detail regarding the basis for the city's liability. The SAC now identifies Defendant Ferrer as the individual who allegedly ignored the plaintiff's need for medical attention.

The defendants mistakenly argue that the plaintiff exceeded the scope of his leave to amend by arguing Bane Act liability based on a non-Doe defendant. But the court explicitly gave the plaintiff sixty days to amend with respect to CCSF and explained that "[t]his extended time period is intended to provide Plaintiff with the opportunity to conduct discovery regarding the identities of the Doe defendants who form the basis for CCSF's liability."[12] The plaintiff did exactly that.

The claim survives.

### 3. Claim 10: IIED Against Defendant Ferrer and the City

The issue is whether the TAC states a claim for IIED against Ferrer and the city. It does not.

The legal standard is set forth in the court's prior order. Here, too, the claim rests on the alleged failure to summon medical aid. The court dismissed the claim with leave to amend because the plaintiff (1) identified only Does 1-5 and (2) alleged intent based on the conclusory statement "to the extent that the failure to summon medical care was intended to cause Mr. Johnson emotional distress."[13] The TAC identifies Defendant Ferrer but does nothing to address the second issue. The claim is dismissed.

### 4. Claim 8: *Monell* Liability

The issue is whether the TAC states a claim for *Monell* liability. It does not, because it does not plausibly allege that the plaintiff's allegedly improper segregation was caused by a city policy.

The legal standard is set forth in the court's prior order. The court dismissed the claim because the plaintiff's allegation — that he was wrongfully placed in administrative segregation (ad-seg)

---

[12] Order – ECF No. 69 at 17–18.
[13] *Id.* at 18–19.

for longer than ten days — was an isolated incident and did not establish the existence of a city policy or custom. The court granted leave to amend so that the plaintiff could identify additional instances of wrongful and/or indefinite ad-seg of prisoners.[14]

While the TAC identifies additional instances of ad-seg, there are still insufficient well-pleaded facts to plausibly allege that the ad-seg decisions were the result of a city policy or custom as opposed to isolated acts by city employees. For example, even as alleged, the plaintiff's own experiences varied; in one instance, his ad-seg was reviewed and overturned.[15] The other instances he identifies are too factually disparate from his own experiences (and each other) to plausibly allege a policy or custom. *Bauer v. City of Pleasanton*, 3:19-cv-04593-LB, 2020 WL 1478328, at *3, *5 (N.D. Cal. Mar. 26, 2020) (allegation that "two prior incidents also involving deaths of mentally ill persons" show an unconstitutional policy was "conclusory" and "d[id] not show that the incidents [we]re factually similar or plausibly show a 'persistent and widespread' custom (as opposed to 'isolated or sporadic' incidents)."). Furthermore, conclusory allegations that the defendants' "actions were pursuant to a widespread or longstanding practice or custom of CCSF to indefinitely place prisoners in ad-seg for non-disciplinary reasons or fabricated reasons, and to not review such placement once in every 10 days to prevent abuse" are not sufficient.[16] Similarly, the TAC offers only conclusory allegations to suggest that Defendant Tilton ratified unconstitutional conduct. *Chavez v. U.S.*, 683 F.3d 1102, 1110 (9th Cir. 2012) (rejecting conclusory allegations that supervisory defendants "personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted" the allegedly unconstitutional conduct).

The claim is dismissed.

---

[14] *Id.* at 11–12.

[15] TAC – ECF No. 78 at 6 (¶ 29).

[16] *Id.* at 17 (¶ 90).

**5. Claims 2, 6, 7, and 9 Against Defendant Mercado**

The issue is whether the previously dismissed allegations against Defendant Mercado now state a claim for a violation of the Fourteenth Amendment or Bane Act. The answer is still no.

The plaintiff claims that Defendant Mercado removed the plaintiff's extra bedding three months after a cardiac procedure. The court dismissed the claims against Defendant Mercado because there were insufficient facts to show that the conditions deviated from the inherent discomforts of confinement or constituted denial of medical care.[17] Instead of amending, the plaintiff submitted the same allegations and, in its opposition brief, argues that the court erred.[18] The plaintiff did not move for reconsideration or provide reasons that compel a different outcome. The claims are dismissed.

**6. Claim 10 Against Defendant Mercado**

The issue is whether the TAC states a claim for IIED against Defendant Mercado based on the same underlying conduct. It does.

The court dismissed the IIED claim against Defendant Mercado because the prior allegations did not support a plausible claim.[19] The plaintiff amended the complaint to address the elements of IIED: namely, to allege that Defendant Mercado was aware of the plaintiff's medical conditions and took away the plaintiff's bedding with the intent to cause emotional distress. According to the TAC, the plaintiff experienced emotional distress in the form of anxiety and stress, which exacerbated his physical symptoms.[20] The defendants argue that the allegations are conclusory. It is not clear what additional facts the plaintiff could add at the pleading stage to establish the defendant's intent and his own emotions. And whether conduct is extreme and outrageous is "usually a question of fact." *Bock v. Hansen*, 225 Cal. App. 4th 215, 235 (2014). Viewed in the light most favorable, the TAC states an IIED claim.

---

[17] Order – ECF No. 69 at 6.

[18] Opp'n – ECF No. 83 at 15–16.

[19] Order – ECF No. 69 at 18.

[20] TAC – ECF No. 78 at 19 (¶ 101).

### 7. Claims 2, 3, and 4 Against Defendant Gomez

The issue is whether the TAC states a Fourteenth Amendment claim against Defendant Gomez. It does not.

The plaintiff alleges that Gomez violated the Fourteenth Amendment by transferring him to County Jail 3 despite a discharge order to remain under observation at County Jail 2. The legal standards are set forth in the court's prior order. The court dismissed the claims with leave to amend because there were insufficient allegations that the transfer constituted punishment or violated the plaintiff's due process rights.[21] The TAC now alleges that Defendant Gomez gave the plaintiff a uniform signifying ad-seg (the imposition of which is arguably a form of punishment) but there is no allegation that ad-seg was actually imposed.[22] The remaining allegations about the lack of a legitimate penological interest simply recite an element of the claim.

The claims are dismissed.

### 8. Claim 5: First Amendment Retaliation Claim against Defendant Murphy

The issue is whether the TAC states a First Amendment claim against Murphy. It does not.

The legal standard is set forth in the court's prior order. The court dismissed the claim because the alleged conduct — threatening to submit a second, falsified request for discipline — did not rise to the level of actionable retaliation. The court granted leave to amend, suggesting that the viability of the claim would turn on whether a request for discipline was submitted and imposed.[23]

The instant motion clarified the issues. The TAC acknowledges that Defendant Vigil thwarted any formal request for discipline by Defendant Murphy.[24] Instead, the plaintiff's brief contends that the retaliatory act was that Defendant Murphy nevertheless caused the plaintiff to be transferred to County Jail 3: "[a]lthough Vigil tried to intervene, Gomez did in fact transfer Mr.

---

[21] Order – ECF No. 69 at 6–7.

[22] TAC – ECF No. 78 at 10 (¶¶ 47–48.)

[23] Order – ECF No. 69 at 8.

[24] TAC – ECF No. 78 at 9–10 (¶ 46).

ORDER – No. 23-cv-00843-LB                7

Johnson as requested by Murphy."[25] But the TAC does not include well-pleaded facts suggesting that Gomez transferred the plaintiff at Murphy's request. At most, the TAC alleges — on information and belief — that Defendant Gomez and Defendant Murphy are friends and Defendant Murphy was involved in the November 2022 strip search.[26]

The claim is dismissed.

### 9. Motions to Strike Immaterial Allegations

The defendants move to strike allegations in (1) paragraph twenty concerning voluntarily dismissed, former defendant Calderoni, (2) paragraph 47 concerning the connection between Defendant Murphy and Defendant Gomez, and (3) paragraph 95 concerning a Bane Act violation by CCSF. The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The first two requests are granted because the allegations are immaterial. The third request is denied because the Bane Act claim survives.

### 10. Motion to Strike Doe Defendants

The defendants moved to strike the Doe defendants on the theory that the court previously granted sixty days of discovery to identify the pertinent individuals but, except for Defendant Ferrer, the plaintiff has not done so. In his opposition brief, the plaintiff argues that the defendants have not complied with their discovery obligations. The defendants dispute this, of course, and the plaintiff has not had an opportunity to respond. The court reserves ruling subject to the parties complying with the court's discovery-dispute procedures. Usually, Doe defendants are dealt with through a case schedule that has a cutoff to amend the pleadings.

### 11. Leave to Amend

The final issue is whether leave to amend should be granted. The answer is no.

---

[25] Opp'n – ECF No. 83 at 18.
[26] TAC – ECF No. 78 at 10 (¶ 47).

In determining whether to grant leave to amend, the court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).

Here, the case has been pending since February 2023. It has spanned myriad defendants and claims. Motions practice and discovery have clarified the issues, with each side recording victories and losses. For the remaining deficiencies, amendment is futile. The instant motion did not present new issues; if sufficient facts could plausibly be alleged, the plaintiff would have done so. It is time for the case to proceed.

## CONCLUSION

In summary, the court resolves the motion as follows:

Motion to Dismiss Claims 9 and 11: DENIED.

Motion to Dismiss Claims 8 and 10: GRANTED.

Motion to Dismiss Claims 2, 6, 7, and 9 Against Defendant Mercado: GRANTED.

Motion to Dismiss Claim 10 Against Defendant Mercado: DENIED.

Motion to Dismiss Claims 2, 3, and 4 Against Defendant Gomez: GRANTED.

Motion to Dismiss Claim 5 Against Defendant Murphy: GRANTED.

Motion to Strike: GRANTED (allegations in ¶¶ 20, 47) and DENIED (¶ 95).

Motion to Strike Doe Defendants: RESERVED.

**IT IS SO ORDERED.**

Dated: June 12, 2025

_____
LAUREL BEELER
United States Magistrate Judge