UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MATTHEW JOHNSON,

Plaintiff,

v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

Defendants.

Case No. 23-cv-00843-LB

**ORDER GRANTING MOTION TO
DISMISS**

Re: ECF No. 106

### INTRODUCTION

In this 42 U.S.C. § 1983 civil-rights action, plaintiff Matthew Johnson alleges that the defendants — the City and County of San Francisco (CCSF) and individual CCSF employees — violated his rights by subjecting him to abusive treatment while he was a pretrial detainee in San Francisco County Jail, including through the denial of medical care. Defendant Clarissa Ferrer, a nurse practitioner at the jail, moves to dismiss the claims against her for lack of subject-matter jurisdiction, inadequate service, failure to comply with the Government Claims Act, and failure to plead plausible claims because the claims are time barred and in any event are conclusory.

The motion is granted. Among other grounds, the state claim against Ms. Ferrer is unrelated to the other claims, there is no supplemental jurisdiction, and the Government Claims Act bars the suit. The claim is dismissed without prejudice to reasserting it in state court, if the Claims Act bar can be overcome.

ORDER – No. 23-cv-00843-LB

**STATEMENT**

Earlier orders summarized the plaintiff's claimed injuries and the case's procedural history.[1] This order summarizes the relevant context for the pending motion to dismiss.

### 1.    The Claimed Injuries

The plaintiff was a pretrial detainee in the CCSF from August 4, 2022, until his release on April 6, 2024.[2] The defendants are the CCSF, Clarissa Ferrer, a nurse practitioner at the jail, and deputies and supervisors who worked at the jail.[3] Some of the plaintiff's claims involve challenges to allegedly abusive treatment, including administrative segregation.[4] Other claims, including the claims against Ferrer, challenge the plaintiff's medical treatment.[5]

The plaintiff was healthy when admitted to the jail and had no known pre-existing heart conditions.[6] By November 2022, he allegedly suffered abusive treatment by guards, including a strip search in November 2022 and a subsequent placement for four days in disciplinary segregation in an unsanitary, excrement-covered cell, without his ordinary privileges (phone, recreation, work, showers, and the like), causing "anxiety, stress, and panic."[7] After other inmates threatened the plaintiff, he requested a new housing assignment, which resulted in a placement in administrative segregation in January 2023 (rather than a different housing unit in the general population), resulting in less phone time, visitations, and programming.[8]

On an unspecified date in March 2023, the CCSF changed the plaintiff's housing placement from County Jail 2 to County Jail 3, where he was housed in administrative segregation, despite not

---

[1] Orders – ECF Nos. 69, 89 (incorporated by this reference). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Third Am. Compl. (TAC) – ECF No. 78 at 4 (¶ 19).

[3] *Id.* at 2–4 (¶¶ 5–14).

[4] Orders – ECF Nos. 69 at 1–4 & 89 at 1–2.

[5] Order – ECF No. 89 at 2; TAC – ECF No. 78 at 8–9 (¶ 42), 18–20 (¶¶ 93–104, claims nine to eleven).

[6] TAC – ECF No. 78 at 4 (¶ 19).

[7] *Id.* at 5–6 (¶¶ 20–28).

[8] *Id.* at 6–8 (¶¶ 31–34).

United States District Court
Northern District of California

meeting the criteria for placement, and put in a COVID-19 quarantine cell for forty-five days, despite not testing positive, resulting in a 24-7 lockdown and the denial of privileges and programming (like that he experienced in disciplinary segregation). The defendants did not review the placement at least once every ten days. The plaintiff grieved his housing placement.[9]

During this time, the plaintiff's anxiety, stress, and panic worsened. He submitted multiple grievances and medical slips and "verbally requested medical attention to unknown . . . deputies and CCSF nursing, including Clarissa Ferrer, and psychiatric employees," but they "failed to summon immediate medical attention despite [the plaintiff's] continuous pleas for help and [his] informing them about his increased heart rate, difficulty breathing, and chest pain."[10]

At some point, the plaintiff lost consciousness, and deputies transported him to San Francisco General Hospital, where medical personnel diagnosed him with an abnormal heart flutter, ordered an emergency heart operation, and ordered that he be provided with a heart monitor and remain in County Jail 2 to be medically observed. At this time, the plaintiff was "vulnerable to dangerously high blood pressure and abnormal heart palpitations that could lead to a fatal heart attack due to the severe anxiety, stress, fear, and panic" that he experienced.[11]

The night before the surgery, a sergeant — defendant Samuel Vigil — transferred the plaintiff to an unsanitary isolation cell (with excrement, blood, and trash), allegedly without justification. The plaintiff lost consciousness and was rushed back to San Francisco General Hospital.[12] There, doctors ordered him returned to County Jail 2 because he was scheduled to have a heart procedure the next day. The next day, the plaintiff postponed the procedure because he was afraid that he would die "in his current emotional state." He "remain[ed] vulnerable to dangerously high blood pressure and abnormal heart palpitations that could lead to a fatal heart attack due to the severe anxiety, stress, fear, and panic" that he experienced. He continued to wear a heart monitor.[13]

---

[9] *Id.* at 8 (¶ 41).

[10] *Id.* at 8–9 (¶ 42).

[11] *Id.* at 9 (¶ 43).

[12] *Id.* (¶ 44).

[13] *Id.* (¶ 45).

United States District Court
Northern District of California

Thereafter, the housing lieutenant — defendant James Gomez — transferred the plaintiff "back to County Jail 3 despite the discharge order to remain for observation at County Jail 2 for his heart condition," a decision allegedly without justification. It caused more anxiety and stress because the November 2022 strip search was at County Jail 3.[14] Sergeant Gomez threw administrative-segregation garb at the plaintiff, telling him to change and explaining that it was "just business."[15] "Due to the exacerbation of his condition, stress, and retaliation," the plaintiff "lost consciousness again and was rushed to" San Francisco General Hospital, his third hospitalization in one month. After his discharge, the plaintiff was transported to County Jail 3 and housed in administrative segregation. On March 30, 2023, the plaintiff was admitted to UCSF for a heart procedure. He was discharged on April 4, 2023, "with instructions for a heart monitor, an extra mattress, and extra blankets." When he returned to County Jail 3, deputies put him in administrative segregation, allegedly without justification and without reviewing the placement at least once every ten days.[16]

On June 20, 2023, a sergeant — defendant Bryant Mercado — removed the plaintiff's extra mattress and blankets ordered by the hospital, allegedly without justification. The CCSF did not provide the plaintiff with the heart monitor that UCSF ordered on discharge.[17]

UCSF diagnosed the plaintiff with "Tachycardia, Wolff Parkinson White Syndrome, and Premature Ventricular Contractions."[18] This is a rare congenital heart defect that is present at birth.[19] The plaintiff has been prescribed beta blockers for the rest of his life (due to his high blood pressure) and must check in with the hospital regularly (although the CCSF is not taking him to his medical appointments).[20]

---

[14] *Id.* at 10 (¶ 47).

[15] *Id.* (¶ 48).

[16] *Id.* (¶¶ 49–50).

[17] *Id.* at 11 (¶¶ 51–52).

[18] *Id.* at 12 (¶ 58).

[19] Mot. – ECF No. 106 at 8–9 (citing website information from Johns Hopkins). The court judicially notices this undisputed fact. Fed. R. Evid. 201(b).

[20] TAC – ECF No. 78 at 12 (¶ 58). This suggests that the plaintiff is in custody now.

The operative complaint has the following claims: (1) an unlawful strip search in violation of the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 (defendants Hays and Murphy); (2) unlawful punishment in violation of the Fourteenth Amendment and § 1983 based on the strip search, disciplinary and administrative segregation, and transfers (defendants Gomez, Hays, Mercado, Murphy, Tilton, and Vigil); (3) unlawful conditions of confinement on the same legal theory for the allegedly retaliatory transfer (defendants Gomez, Murphy, Tilton, and Vigil); (4) unlawful conditions of confinement for disciplinary segregation (defendants Gomez, Murphy, and Tilton); (5) retaliation for filing grievances in violation of the First Amendment and § 1983 (defendants Gomez, Murphy, Ng, and Tilton); (6) denial of medical care in violation of the Fourteenth Amendment and § 1983 for the housing determination that eliminated medical observation, denial of a heart monitor, removal of the prescribed mattress and blanket, and placement in an unsanitary cell (defendants Gomez, Mercado, and Vigil); (7) supervisory liability for the administrative-segregation placement, the strip search, and retaliation (defendants Gomez, Hayes, Mercado, Tilton, and Vigil); (8) *Monell* (defendant CCSF); (9) a violation of the Bane Act for the medical harm resulting from the removal of the extra mattress and blankets (defendants CCSF, Ferrer, Gomez, Hays, Mercado, Murphy, Ng, Tilton, and Vigil); (10) intentional infliction of emotional distress (defendants CCSF, Ferrer, Gomez, Guiterrez, Hayes, Mercado, Murphy, Ng, Tilton, and Vigil); and (11) failure to summons medical care (defendants CCSF and Ferrer).[21]

## 2.   Relevant Procedural History

The plaintiff filed this lawsuit on February 24, 2023, representing himself, while he was incarcerated.[22] His counsel appeared on November 14, 2023.[23] The then-assigned judge (1) allowed the strip-search claims to proceed against some defendants, (2) denied the claims predicated on the transfer to County Jail 3 (despite the medical discharge orders), (3) denied the

---

[21] *Id.* at 12–20 (¶¶ 62–104).

[22] Order – ECF No. 69 at 3; Letters – ECF Nos. 1–3.

[23] Notice – ECF No. 34.

United States District Court
Northern District of California

plaintiff's due-process challenges to administrative segregation, (4) allowed the First Amendment retaliation claim (for one defendant), (5) allowed a claim for denial of medical care (predicated on the housing placement that exacerbated the plaintiff's medical condition) (against some defendants), (5) allowed the claim for supervisory liability to proceed (against some defendants), and (6) held that there was a plausible Bane Act claims (against some defendants).[24]

The earlier-assigned judge considered whether the state Bane Act claim was barred for failure to comply with the California Government Claims Act, which requires an injured party to file a claim within six months after the claim accrues. The main issue was whether the plaintiff could file a late claim. The court held that some claims could proceed at the pleading stage, including the Bane Act claim against the CCSF for the failure to summon medical care.[25] The allegations were sufficient to satisfy the statutory notice requirement under Cal. Gov't Code § 945.4.[26] The government claim tracks the complaint, addressing the strip search, the administrative and disciplinary segregations, the housing issues with County Jail 3 versus County Jail 2, the grievances, the COVID-19 quarantine and the March 2023 housing, and the resulting medical issues from the exacerbating housing placement.[27]

In a second motion to dismiss, the court dismissed claim ten for intentional infliction of emotional distress because it was conclusory.[28]

The parties consented to magistrate-judge jurisdiction.[29] 28 U.S.C. § 636(c)(1). The court held a hearing on January 29, 2026.

## ANALYSIS

Ferrer seeks dismissal of the claims against her on the following grounds: (1) the court lacks subject-matter jurisdiction over the state claims against her; (2) service was not effective; (3) the

[24] Order – ECF No. 69 at 5–15.

[25] *Id.* at 13–18.

[26] *Id.* at 17.

[27] Claim – ECF No. 56-2 at 2–5.

[28] Order – ECF No. 89 at 4.

[29] Consents – ECF Nos. 72, 104, 128.

United States District Court
Northern District of California

plaintiff did not comply with the Government Claims Act; and (4) the claims are barred by the statute of limitations and are not plausible.[30] There is no supplemental jurisdiction. The plaintiff — who is proceeding in forma pauperis and can ask for service — could cure service issues, and under ordinary circumstances, the court would allow service within twenty-eight days. But the lack of supplemental jurisdiction and the failure to comply with the Government Claims Act bar the claims.

## 1.  Subject-Matter Jurisdiction

A court has supplemental jurisdiction over state-law claims that are "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Only a loose factual connection to the underlying claim is necessary. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1114 (9th Cir. 2004). There is no supplemental jurisdiction here. Ferrar's alleged failure to summon medical care is unrelated to the other incidents that form the basis of the complaint: the strip search, the retaliation for grievances, the disciplinary/administrative segregation and cell/housing placement, the wrongful transfer, and the strip search.

## 2.  Service

Under Federal Rule of Civil Procedure 4(m), a plaintiff has ninety days to serve the complaint. That ninety days has expired. The court must — on motion or on its own after notice to the plaintiff — dismiss the action without prejudice against that defendant or order that notice be made within a specified time. The court can extend the time for service if the plaintiff shows good cause. Fed. R. Civ. P. 4(m). The record is incomplete about service. This is a case involving a plaintiff proceeding in forma pauperis. The plaintiff could have asked for service by the U.S. Marshal. Under ordinary circumstances, the court would direct him to do so within fourteen days or provide proof of service within twenty-eight days. But the issue is moot given the other rulings in this order. The order addresses the issue only to memorialize it.

---

[30] Mot. – ECF No. 106 at 1, 11–18.

ORDER – No. 23-cv-00843-LB                    7

United States District Court
Northern District of California

**3.  Government Claims Act**

The California Government Claims Act requires a party seeking to recover money damages from a public entity or its employees to present a claim within six months after accrual of the claim to the entity before filing suit in court. Cal. Gov't Code §§ 911.2(a), 945.4; *see, e.g.*, *Gimbel v. Crescent City Police Dep't*, No. C 07-0113 MJJ, 2007 WL 9735064, at *4–5 (N.D. Cal. June 22, 2007) (claims for false imprisonment, malicious prosecution, and IIED); *Cardenas v. County of Alameda*, No. C 16-05205 WHA, 2017 WL 1650563, at *5 (N.D. Cal. May 2, 2017) (false imprisonment, negligence, and IIED). In an earlier order, the previously assigned judge found that medical circumstances about housing placement could proceed.[31] But the plaintiff's government claim contains no facts that give notice of his claims against Ferrar. The claim is dismissed.

For a claim to proceed, it must have the "date, place and other circumstances" giving rise to the claim and the "name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Gov't Code § 910(c), (e). It must have "the facts underlying each cause of action in the complaint." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004). The claim must "give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions." *Mangiaracina v. BNSF Ry. Co.*, No. 16-cv-05270-JST, 2019 WL 4645726, at *3 (N.D. Cal. May 30, 2019) (quoting *Stockett*, 34 Cal. 4th at 446).

As summarized in the Statement, the government claim gives no notice of conduct by Ferrer. The claim is dismissed.

**CONCLUSION**

This resolves ECF No. 106.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[31] Order – ECF No. 69 at 12–18.

United States District Court
Northern District of California