United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MATTHEW JOHNSON,
Plaintiff,

v.

NG, et al.,
Defendants.

Case No. 23-cv-00843-LB

**DISCOVERY ORDER**

Re: ECF No. 169

The parties dispute the scope and form of discovery needed to identify the remaining Doe deputies in the case: deputies FNU [First Name Unknown] Guitierez and FNU Ng.[1] The requests are overbroad. The parties must confer by August 17, 2026, on a narrower production by the CCSF.

Plaintiff Matthew Johnson claims that, as a pretrial detainee in San Francisco County Jail between August 2022 and April 2024, jail employees subjected him to unconstitutional conditions of confinement, in violation of 42 U.S.C. § 1983: unlawful strip searches, disciplinary and administrative segregation, retaliation for filing grievances, a wrongful transfer, and denial of adequate medical care. The operative complaint is the Third Amended Complaint (TAC), which

[1] Disc. Letter Br. – ECF No. 169; Order – ECF No. 108 at 2 (discussing Doe defendants). Record citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

has the following claims against the following defendants, with strikethroughs denoting defendants who have been dismissed via earlier orders:

(1) An unlawful strip search in violation of the Fourth Amendment and 42 U.S.C. § 1983 (against Hays and Murphy).

(2) Unlawful punishment in violation of the Fourteenth Amendment and § 1983 for a strip search in front of others, disciplinary and administrative segregation, placement in unsanitary cells, a jail transfer that did not allow medical observation, and removing prescribed mattresses and blankets (against ~~Gomez~~, Hays, ~~Mercado~~, Murphy, Tilton, and Vigil).

(3) Unlawful conditions of confinement in violation of the Fourteenth Amendment and § 1983 for disciplinary and administrative segregation, unsanitary cells, and the jail transfer (against ~~Gomez~~, Murphy, Tilton, and Vigil).

(4) A due-process violation in violation of the Fourteenth Amendment and § 1983 by the placement in disciplinary and administrative segregation (against ~~Gomez~~, Murphy, and Tilton).

(5) Retaliation for filing grievances in violation of the First Amendment and § 1983 (against Gomez, ~~Murphy~~, Ng, and Tilton).

(6) Denial of medical care in violation of the Fourteenth Amendment and § 1983 by the jail transfer that did not allow medical observation, failing to provide a heart monitor, removing prescribed mattresses and blankets, the placement in an unsanitary cell (against Gomez, ~~Mercado~~, and Vigil).

(7) Supervisory liability in violation of § 1983 for the deprivation of rights including administrative segregation, denying prescribed items, the strip search, and the retaliation (against Gomez, Hays, ~~Mercado~~, Tilton, and Vigil).

(8) ~~*Monell* liability under § 1983 for the administrative segregation for non-disciplinary reasons (based on at least five other incidents) (against the CCSF)~~.

(9) A violation of the Bane Act, Cal. Civ. Code § 52.1, for the medical harm (against ~~CCSF~~, ~~Ferrer~~, Gomez, Hays, ~~Mercado~~, Murphy, Ng, Tilton, and Vigil).

(10) Intentional infliction of emotional distress (IIED) for the conduct (against ~~the CCSF~~, ~~Ferrer~~, Gomez, Gutierrez, Hays, Mercado, Murphy, Ng, Tilton, and Vigil).

(11) ~~Failure to summon medical care (against the CCSF and Ferrer)~~.[2]

The two unserved defendants (treated as Does) are deputies Guitierez and Ng.[3] Through the parties' joint discovery letter, the plaintiff moves to compel discovery aimed at identifying those

---

[2] TAC – ECF No. 78 at 12–20 (¶¶ 62–104); Orders – ECF Nos. 89, 134, 153. Dismissing Ferrer necessarily dismissed that claim against the CCSF. Order – ECF No. 134 at 1, 8; Order – ECF No. 153 at 7 n.26; Disc. Letter Br. – ECF No. 169 at 3 n.1 (summarizing the dismissal orders).

[3] *See* Order – ECF No. 108 at 2 (Doe status).

United States District Court
Northern District of California

deputies: (1) a further response to an interrogatory served on the City in November 2025; (2) responses to an interrogatory and document requests served on the CCSF in May 2026, after the court dismissed the CCSF from the case; and (3) production by the individual defendants of the plaintiff's 2026 jail-housing history and the jail's daily activity logs.[4]

Preliminarily, the document requests to the individual defendants fail because the documents are in the possession of the CCSF through the Sheriff's Office.[5] Control is "the legal right to obtain documents on demand." *Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*, No. 17-CV-02191-SK, 2019 WL 6134958, *6 (N.D. Cal. Nov. 19, 2019) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). The party seeking production has the burden of establishing control. *Int'l Union*, 870 F.2d at 1450. Individual government employees do not control their employer's records. *E.g.*, *Lowe v. District of Columbia*, 250 F.R.D. 36, 38–39 (D.D.C. 2008); *Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575209, at *3 (E.D. Cal. June 2, 2009); *Dotson v. Edmonson*, No. CV 16-15371, 2017 WL 4310676, at *5 (E.D. La. Sept. 28, 2017). Four of the six served defendants no longer work for the Sheriff's Office and have no access to the documents.[6]

The CCSF also asserts that the May 2026 interrogatory and document requests to the CCSF are invalid because it has been a nonparty since April 2, 2026, interrogatories and document requests under Rules 33 and 34 may be directed only to parties, and a nonparty's documents must be obtained by a Rule 45 subpoena.[7] As the synopsis (above) reflects, claim nine against Ferrer

---

[4] Disc. Letter Br. – ECF No. 169 at 1–3 (plaintiff's position), 3–5 (CCSF's position). There was a case-management conference on July 30, 2026, but the plaintiff's counsel did not appear. Minute Entry – ECF No. 170. The court can decide the dispute without oral argument. Civil L. R. 7-1(b).

[5] Disc. Letter Br. – ECF No. 169 at 4.

[6] *Id.*

[7] *Supra* n.2 (summarizing dismissal orders). The challenge to the earlier interrogatory also is late: it is more than seven months after the CCSF's response, and the court set a deadline to raise the dispute (to try to move the case along) of July 16, 2026. Disc. Letter Br. – ECF No. 169 at 3 (summarizing timeline). The order does not rest on these grounds but summarizes them for context.

The plaintiff also asserts that the CCSF has an obligation to investigate his allegations and identify the Doe deputies. *Id.* at 2 (citing Fed. R. Civ. P. 8 & 26). Rule 8 requires only that a defendant state its defenses to the claims and admit or deny the allegations asserted against it. Fed. R. Civ. P. 8(b)(1). Rule 26 does not require the CCSF to disclose information in its initial disclosures about unrelated claims

was dismissed, necessarily resulting in the dismissal of that claim against the CCSF. The Bane Act claim, which names Ng and others, is still live against the CCSF.[8]

In any event, dismissal under Rule 4(m) for failure to serve Doe defendants is error without an opportunity to identify them.[9] Fed. R. Civ. P. 4(m). Also, the CCSF (even if a non-party now) was represented by the same counsel representing the individual defendants. Any error can be addressed through a Rule 45 subpoena.

The efficient solution — and the one needed to move the case forward now given that a Rule 45 subpoena likely would be overbroad (if it mimics the plaintiff's current requests) — is targeted discovery to identify the deputies. The current requests are too broad: requiring the City to compile, review, and redact the hundreds of watch logs so that the plaintiff can reconstruct a four-month jail stay — years after the events in the complaint — is not proportional when the plaintiff can presumably identify the facility and at least the approximate weeks when he believes he encountered the deputies.

Identifying the Doe deputies is not an unsurmountable problem. Where the plaintiff was housed during the relevant four months is ascertainable and relevant. Watch logs post-dating the conduct are not relevant.[10] The plaintiff can narrow his request to facilities and time frames to avoid the burdens associated with the broad request for documents.[11]

By August 17, 2026, the parties must meet and confer about (1) a narrowed production by the

---

asserted against other defendants that are not also asserted against the CCSF. Fed. R. Civ. P. 26(a)(1)(A) (party must disclose "the name, and if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing parties may use to support its claims or defenses, unless the use would be solely for impeachment"). Moreover, this discovery process is meant to identify the Doe defendants. The plaintiff's request for sanctions thus is denied because there is no basis for them. *See also* Disc. Letter Br. – ECF No. 169 at 5 (identifying the requirements in Fed. R. Civ. P. 37 and Civil L. R. 37-4 for sanctions).

[8] If the synopsis of the earlier orders is missing an order regarding the CCSF and the Bane Act claim, the parties may flag the issue in a supplemental submission.

[9] Order – ECF No. 108 at 2 (collecting cases, including *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); Disc. Letter Br. – ECF No. 169 at 4 (proposing a compromise of discovery with a reasonable scope).

[10] Disc. Letter Br. – ECF No. 169 at 5 (characterizing the scope of the discovery requests).

[11] *Id.*

United States District Court
Northern District of California

CCSF of the plaintiff's housing records and the corresponding watch logs for the facility and timeframe that the plaintiff identifies, and (2) what the parties can do to advance the determination of whether there are identifiable deputies (including whether Michael Ng is the correctly identified "Deputy Ng").

This resolves ECF No. 169.

**IT IS SO ORDERED.**

Dated: August 3, 2026

LAUREL BEELER
United States Magistrate Judge