United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MATTHEW JOHNSON,
Plaintiff,

v.

MARCO GUTIERREZ, et al.,
Defendants.

Case No. 23-cv-00843-LB

**ORDER REGARDING LIVE CLAIMS**

Re: ECF No. 173

The court's most recent order listed the following live claims from the operative Third Amended Complaint (TAC), with strikethroughs denoting defendants who have been dismissed via earlier orders:

> (1) An unlawful strip search in violation of the Fourth Amendment and 42 U.S.C. § 1983 (against Hays and Murphy).
>
> (2) Unlawful punishment in violation of the Fourteenth Amendment and § 1983 for a strip search in front of others, disciplinary and administrative segregation, placement in unsanitary cells, a jail transfer that did not allow medical observation, and removing prescribed mattresses and blankets (against ~~Gomez~~, Hays, ~~Mercado~~, Murphy, Tilton, and Vigil).
>
> (3) Unlawful conditions of confinement in violation of the Fourteenth Amendment and § 1983 for disciplinary and administrative segregation, unsanitary cells, and the jail transfer (against ~~Gomez~~, Murphy, Tilton, and Vigil).
>
> (4) A due-process violation in violation of the Fourteenth Amendment and § 1983 by the placement in disciplinary and administrative segregation (against ~~Gomez~~, Murphy, and Tilton).

(5) Retaliation for filing grievances in violation of the First Amendment and § 1983 (against Gomez, ~~Murphy~~, Ng, and Tilton).

(6) Denial of medical care in violation of the Fourteenth Amendment and § 1983 by the jail transfer that did not allow medical observation, failing to provide a heart monitor, removing prescribed mattresses and blankets, the placement in an unsanitary cell (against Gomez, ~~Mercado~~, and Vigil).

(7) Supervisory liability in violation of § 1983 for the deprivation of rights including administrative segregation, denying prescribed items, the strip search, and the retaliation (against Gomez, Hays, ~~Mercado~~, Tilton, and Vigil).

(8) ~~*Monell* liability under § 1983 for the administrative segregation for non-disciplinary reasons (based on at least five other incidents) (against the CCSF)~~.

(9) A violation of the Bane Act, Cal. Civ. Code § 52.1, for the medical harm (against ~~CCSF~~, ~~Ferrer~~, Gomez, Hays, ~~Mercado~~, Murphy, Ng, Tilton, and Vigil).

(10) Intentional infliction of emotional distress (IIED) for the conduct (against ~~the CCSF~~, ~~Ferrer~~, Gomez, Gutierrez, Hays, Mercado, Murphy, Ng, Tilton, and Vigil).

(11) ~~Failure to summon medical care (against the CCSF and Ferrer)~~.[1]

In the latest discovery order, the court flagged that while dismissed claim nine against Ferrer necessarily meant that the Bane Act claim against the CCSF on that ground was dismissed, the Bane Act claim also named Ng and others and seemingly was live against the CCSF. The court invited a supplemental filing to address the issue.[2]

In its response filed on August 19, 2026, the CCSF synopsized the case's procedural history.[3] The initial complaint did not have a Bane Act claim.[4] The parties stipulated to a second amended complaint, which had a Bane Act claim only against Does 1–5.[5] The then-assigned judge dismissed the Bane Act claim, noting that the claim — based on vague allegations on the failure to summon

[1] Third. Am. Compl. (TAC) – ECF No. 78 at 12–20 (¶¶ 62–104); Orders – ECF Nos. 89, 134, 153. Dismissing Ferrer necessarily dismissed that claim against the CCSF. Order – ECF No. 134 at 1, 8; Order – ECF No. 153 at 7 n.26; Disc. Letter Br. – ECF No. 169 at 3 n.1 (summarizing the dismissal orders); Discovery Order – ECF No. 172 at 1–2 (same). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 172 at 4 & n.8.

[3] Supp. Resp – ECF No. 173 at 2–4.

[4] Compl. – ECF No. 8.

[5] Stip. – ECF No. 47; Second Am. Compl. – ECF No. 48 at 16 (¶ 87).

medical care — did not support a plausible claim.[6] No leave to amend was granted.[7] Then, when the plaintiff amended to add a Bane Act claim against the CCSF for vicarious liability for the conduct against the then-existing defendants, rather than the Doe defendants, the CCSF moved to strike the claim.[8] But the plaintiff denied adding a new Bane Act claim, stating that he amended only to add allegations against defendant Mercardo.[9] The subsequent order granting in part the CCSF's motion to strike identified that the plaintiff had not identified previously the basis for the CCSF's liability but cured that deficiency by naming Ferrer as the individual "who allegedly ignored the plaintiff's need for medical attention."[10] The court later dismissed the claim against Ferrer for lack of supplemental jurisdiction and the Bane Act claim predicated on Ferrer's negligence.[11]

There is no live Bane Act clam against the CCSF. Ferrer was the only defendant, and she was dismissed. Thus, claim nine is dismissed entirely.

**IT IS SO ORDERED.**

Dated: August 25, 2026

LAUREL BEELER
United States Magistrate Judge

[6] Order – ECF No. 69 at 17.

[7] *Id.* at 17–18.

[8] TAC – ECF No. 78 at 18 (¶¶ 93–96); Mot. – ECF No. 79 at 23.

[9] Opp'n – ECF No. 83 at 13–14.

[10] Order – ECF No. 89 at 3–4.

[11] Order – ECF No. 134 at 7–8; Order – ECF No. 153 at 7–8.