United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MATTHEW JOHNSON,<br>Plaintiff,<br>v.<br>MARCO GUTIERREZ, et al.,<br>Defendants. | Case No. 23-cv-00843-LB<br><br>**ORDER**<br>Re: ECF No. 178 |

**INTRODUCTION**

Plaintiff Matthew Johnson, a former pretrial detainee at the San Francisco County Jail, claims that jail staff subjected him to unconstitutional conditions of confinement.[1] From the case's first filings in early 2023, his complaints have included allegations against two deputies identified only by surname: "Deputy Ng," who allegedly told other prisoners on January 9, 2023, that Mr. Johnson was a snitch, and "Deputy Guitierez," who allegedly made sexually harassing comments to him on January 11, 2023. Neither deputy has ever been fully identified, named, or served, and the claims against them are Doe claims.[2] Now — three and a half years into the case and eleven weeks after

[1] The parties — including, by special appearance, Deputies Marco Guitierrez and Michael Ng — consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c)(1); Consents – ECF Nos. 72, 104; Report – ECF No. 128; Minute Order – ECF No. 129. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Minute Entry – ECF No. 177; Opp'n – ECF No. 180 at 10.

United States District Court
Northern District of California

the deadline to amend the pleadings (June 18, 2026) — the plaintiff moves for leave to file a Fourth Amended Complaint naming the Doe defendants as Deputy Michael Ng and Deputy Alexander Gutierrez and conforming the pleading to the court's earlier orders.[3] The remaining defendants oppose the motion.[4] The court can decide the motion without oral argument. Civil L.R. 7-1(b).

The court denies the motion. The plaintiff has not shown the diligence that Rule 16(b) requires: identity-directed discovery began in November 2024 but was never enforced, months of silence followed each setback, and (as to Deputy Ng), the plaintiff identified Michael Ng in December 2025 and then did nothing for nearly nine months. Amendment also would be futile: the claims accrued in January 2023, the two-year limitations period has run, and the amendment does not relate back under federal or California law. The sole claim against Deputy Gutierrez (state-law intentional infliction of emotional distress (IIED)) also is barred by the Government Claims Act.

## STATEMENT

The court summarized the plaintiff's allegations in its order denying severance and repeats only what matters here.[5] Mr. Johnson was a pretrial detainee at County Jail 3 from November 2022 until his release on April 6, 2024. He alleges a chain of events that began with a strip search and grievances in late 2022 and continued through segregation placements, a facility transfer, and denials of medical care. Two links in the chain involve the deputies at issue: on January 9, 2023, "Deputy Ng" allegedly told other prisoners that Mr. Johnson was a snitch and then threatened him for filing grievances, and on January 11, 2023, "Deputy Guitierez" allegedly made sexually harassing comments to him during a transport. Mr. Johnson filed grievances about the comments on January 26, 2023.[6]

---

[3] Mot. – ECF No. 178; Proposed 4AC – ECF No. 178-2.

[4] Opp'n – ECF No. 180. Defense counsel does not appear for either proposed defendant. *Id.* at 6 n.1; Wald Decl. – ECF No. 180-1 at 2 (¶ 3).

[5] Order – ECF No. 153 at 2–6.

[6] *Id.* at 3–4.

**1. Procedural History**

Mr. Johnson initiated this case pro se while detained: a letter docketed on February 24, 2023, followed by a complaint filed on March 10, 2023.[7] From the outset, the complaint alleged misconduct by "Deputy Ng" and "Deputy Guitierez," identified only by those surnames.[8] The court screened the complaint under the Prison Litigation Reform Act and dismissed it with leave to amend in October 2023. No defendant was served.[9] Counsel appeared for Mr. Johnson on November 14, 2023.[10] In November 2023, counsel presented a government claim, which was denied on December 18, 2023.[11]

The plaintiff filed a First Amended Complaint on January 12, 2024.[12] The court's screening order directed service on nine defendants. It did not direct service on "Deputy Guitierez" — the docket reflects his termination as a defendant on March 11, 2024 — and it dismissed the Doe defendants. The plaintiff did not seek reconsideration or other relief.[13] Only the City and County of San Francisco (CCSF) was served: summonses issued on March 18, 2024, and were returned executed on April 11, 2024.[14] Seven individual defendants nonetheless appeared and moved to dismiss, with counsel noting — then and in filings since — that they did not appear for the unidentified "Deputy Ng."[15]

In July 2024, by a stipulation limited to curing identified deficiencies, the plaintiff filed a Second Amended Complaint; it re-added "Deputy Guitierez" and the Doe defendants without leave.[16] In the August 2024 case-management statement, the plaintiff confirmed that he could not

[7] Letter – ECF No. 1; Compl. – ECF No. 8.

[8] Compl. – ECF No. 8; Opp'n – ECF No. 180 at 6.

[9] Order – ECF No. 32 at 7; Opp'n – ECF No. 180 at 6.

[10] Notice – ECF No. 34.

[11] Claim – ECF No. 56-2; Denial – ECF No. 56-3; Proposed 4AC – ECF No. 178-2 at 13 (¶ 59).

[12] FAC – ECF No. 37.

[13] Order – ECF No. 38; Opp'n – ECF No. 180 at 7–8.

[14] Reply – ECF No. 182 at 6 (citing ECF Nos. 39, 41).

[15] Mot. – ECF No. 45 at 1 n.2; Opp'n – ECF No. 180 at 7–8 (collecting the later filings).

[16] Stips. – ECF Nos. 46–47; SAC – ECF No. 48; Opp'n – ECF No. 180 at 7–8.

United States District Court
Northern District of California

identify either deputy's first name or star number.[17] In January 2025, when the court granted in part the motion to dismiss the Second Amended Complaint, it gave the plaintiff sixty days to amend and to take discovery to identify the remaining defendants.[18] The plaintiff filed the Third Amended Complaint on March 17, 2025, still without a first name or star number for either deputy.[19] In June 2025, the court granted in part the defendants' motion to dismiss and to strike, struck paragraphs 20 and 47, dismissed several claims, and held that the plaintiff was not entitled to further leave to amend, saying, "It is time for the case to proceed."[20]

The parties' written discovery ran on a parallel track. At the case-management conference on October 23, 2024, the plaintiff reported that the defendants would not exchange initial disclosures while a motion to dismiss was pending. The court ordered the exchange by November 7, 2024.[21] On November 14, 2024, the plaintiff served document requests that included three directed at the deputies: work-assignment sheets for January 9, 2023, including "[First Name Unknown] Ng's" assignments at County Jail 3; documents about the plaintiff's January 11, 2023, court transport, including that day's assignment sheets; and the plaintiff's January 26, 2023, grievances and PREA and DPA complaints.[22] The defendants served boilerplate objections on December 16, 2024, and produced nothing. After the court entered a protective order on January 2, 2025, and the parties met and conferred, the defendants produced seventy-eight documents on April 4, 2025, promised more, and produced no more.[23] The plaintiff asked for a privilege log and followed up on April 16, 2025; his counsel's stated plan was to defer a "more formal meet and confer letter" until "production is complete"; and the record reflects no motion to compel or discovery dispute submitted to the court about those requests.[24]

---

[17] Statement – ECF No. 51 at 2; Opp'n – ECF No. 180 at 8.

[18] Order – ECF No. 69; Opp'n – ECF No. 180 at 8.

[19] TAC – ECF No. 78.

[20] Order – ECF No. 89 at 5–9; Opp'n – ECF No. 180 at 8, 20.

[21] Reply – ECF No. 182 at 1–2 (citing ECF Nos. 66, 69).

[22] Kim Reply Decl. – ECF No. 182-1 at 1–2 (¶ 2).

[23] *Id.* at 2 (¶¶ 3–7); Reply – ECF No. 182 at 2–3 (citing ECF Nos. 67–68).

[24] Kim Reply Decl. – ECF No. 182-1 at 2 (¶¶ 6–7).

In September 2025, the plaintiff obtained summonses for the still-fictitious deputies and purported to serve them by delivering copies of the Third Amended Complaint to City Hall.[25] In the parties' October 29, 2025, joint update, the defendants took the position that "the deadline to take identifying discovery has passed," and the parties agreed that discovery should otherwise wait, except for limited discovery to identify the Doe defendants.[26] On November 3, 2025, the plaintiff served his first interrogatories and a second set of document requests, directed at the deputies' identities; the defendants responded and produced documents on December 3, 2025, answering an interrogatory that sought the identities of all Sheriff's Office employees employed in January 2023, while (in the plaintiff's view) responding insufficiently to one seeking employees named "Guitierez."[27] A series of shifting identifications followed: Edward C. Gutierrez (November 14, 2025); then Marco Gutierrez (star no. 2395) and Michael Ng (star no. 2452) (December 11, 2025); then, possibly, Nicholas Ng (star no. 2187) (January 22, 2026), with the plaintiff representing that "[s]hort of Mr. Johnson seeing a photograph of Michael Ng or Nicholas Ng, he has no way of determining which defendant is the correct one"; then a star number (2466) assigned to a deputy with a different surname (April 23, 2026).[28] The identification problem was not trivial: during the relevant period, the CCSF employed seven deputies named Ng and four named Gutierrez, and a third deputy named Ng worked at County Jail 3.[29] Based on the December 2025 identifications, Marco Gutierrez and Michael Ng specially appeared on January 15, 2026, to consent to magistrate-judge jurisdiction, in reliance on the court's order that consenting waived no other defenses, including service defenses.[30] No discovery about Deputy Ng's identity has been taken since December 2025.[31]

---

[25] Summonses – ECF Nos. 99–100; Proof – ECF No. 101; Opp'n – ECF No. 180 at 8–9.

[26] Reply – ECF No. 182 at 3 (quoting ECF No. 111).

[27] Kim Reply Decl. – ECF No. 182-1 at 2–3 (¶ 8); Wald Decl. – ECF No. 180-1 at 2 (¶ 2).

[28] ECF Nos. 116, 119, 130, 155; Opp'n – ECF No. 180 at 9–10.

[29] Opp'n – ECF No. 180 at 9 (citing ECF No. 128); Wald Decl. – ECF No. 180-1 at ¶ 2 & Ex. A.

[30] Order – ECF No. 118; Report – ECF No. 128; Minute Order – ECF No. 129.

[31] Wald Decl. – ECF No. 180-1 at 2 (¶ 2).

Under the operative schedule, the deadline to add parties or amend the pleadings was June 18, 2026. Fact discovery closes on February 19, 2027, and trial is set for November 15, 2027.[32] On May 14 and 15, 2026, the plaintiff served document requests and an interrogatory aimed at identifying Deputy Gutierrez.[33] The defendants objected on June 11, 2026, and the ensuing dispute ran through the summer, prolonged in part by the plaintiff's letter brief, which the court denied without prejudice for noncompliance with the court's standing order, and a dispute about the length of the joint letter.[34] In its August 3, 2026, order, the court held that the requests were overbroad and directed a further meet and confer.[35] The CCSF — no longer a party, and never served with a subpoena — voluntarily produced documents on August 25, 2026.[36] The next day, the plaintiff's counsel identified Deputy Gutierrez by star number, and on August 27, defense counsel supplied his full name: Alexander Gutierrez.[37] The plaintiff filed this motion on September 4, 2026.[38] Also on August 25, 2026, the court dismissed the Bane Act claim (claim nine) entirely and cataloged the claims that remain.[39]

**2. The Motion and Reply**

The proposed Fourth Amended Complaint substitutes Alexander Gutierrez and Michael Ng for the fictitious names and, per the motion, clarifies "what claims and which defendants remain in the case."[40] Against Deputy Ng, it asserts First Amendment retaliation under 42 U.S.C. § 1983, a

[32] Order – ECF No. 158; Reply – ECF No. 182 at 3 (citing ECF No. 90 for the amendment deadline), 9 (trial date).

[33] Kim Decl. – ECF No. 178-1 at 1 (¶¶ 3–4).

[34] *Id.* 2 (¶¶ 5–14); Pl.'s Letter Br. – ECF No. 163; Order – ECF No. 165; Disc. Letter Br. – ECF No. 169.

[35] Order – ECF No. 172; Opp'n – ECF No. 180 at 10.

[36] Kim Decl. – ECF No. 178-1 at 2 (¶ 15). The defendants put the production a day earlier, on August 24, 2026. Opp'n – ECF No. 180 at 10 (citing ECF No. 174).

[37] Kim Decl. – ECF No. 178-1 at 2–3 (¶¶ 16–17); Wald Decl. – ECF No. 180-1 at 2 (¶ 3).

[38] Mot. – ECF No. 178.

[39] Order – ECF No. 175 (Aug. 25, 2026).

[40] Mot. – ECF No. 178 at 2; Proposed 4AC – ECF No. 178-2.

United States District Court
Northern District of California

Bane Act claim, and IIED; against Deputy Gutierrez, it asserts only the IIED claim.[41] Counsel declares that he is now "confidently certain" of both identifications.[42] The defendants oppose on the grounds of diligence, futility (untimeliness, lack of jurisdiction, and nonconformity with the court's orders), undue delay, prejudice, and repeated failure to cure.[43] In reply, the plaintiff supplies the 2024–2025 discovery history recounted above, argues that the amendment relates back under federal and California law, invokes the court's supplemental jurisdiction, concedes that the stricken paragraphs were reinserted inadvertently, and disputes prejudice.[44]

## LEGAL STANDARDS

### 1. Rule 16(b)

A party who moves to amend after the deadline in a Rule 16 scheduling order must first show good cause to modify the schedule and then demonstrate that amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992). Rule 16(b)'s good-cause standard "primarily considers the diligence of the party seeking the amendment": the deadline may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension," and "carelessness is not compatible with a finding of diligence." *Id.* at 609 (cleaned up). "If that party was not diligent, the inquiry should end." *Id.*

### 2. Rule 15(a)

Under Rule 15(a), courts freely give leave to amend absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility alone justifies denying leave, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), and leave need not be

[41] Proposed 4AC – ECF No. 178-2 at 16 (¶¶ 72–74) (retaliation), 19 (¶¶ 83–85) (Bane Act), 20 (¶¶ 86–90) (IIED).

[42] Kim Decl. – ECF No. 178-1 at 1 (¶ 2).

[43] Opp'n – ECF No. 180 at 10–20.

[44] Reply – ECF No. 182 at 1–9.

given when the amended complaint would be subject to dismissal, *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**ANALYSIS**

**1. The Plaintiff Has Not Shown Good Cause Under Rule 16(b)**

The plaintiff measures his diligence from August 27, 2026 (when defense counsel supplied Deputy Gutierrez's full name) to September 4, 2026, when he moved. The reply adds that he "missed the deadline to add parties by less than three months" because of the defendants' conduct in discovery.[45] The final eight days were prompt. And the reply corrects part of the opposition's account: the plaintiff did not wait until November 2025 to seek the deputies' identities. He served identity-relevant document requests in November 2024, and the defendants met them with boilerplate objections, a partial production five months later, and an unkept promise of more.[46] But Rule 16(b) asks whether the deadline (June 18, 2026) could not "reasonably be met" despite the diligence of the party seeking to change it, measured across the case, not whether the final sprint was fast or the miss was small. *Mammoth Recreations*, 975 F.2d at 609.

Diligence in seeking discovery includes diligence in enforcing it. When the April 2025 production stopped, the plaintiff's remedy was this court's discovery-dispute process. He did not use it: the record reflects no motion or letter raising the November 2024 requests with the court (then or ever), and his counsel's stated plan was to defer a "more formal meet and confer letter" until "production is complete."[47] Production was never completed, and roughly seven months passed (mid-April to early November 2025) with no enforcement effort at all. A party cannot leave unanswered discovery unenforced for most of a year, attribute the resulting ignorance to his opponent, and call the combination diligence. The imbalance the reply describes between a solo practitioner and a city law office is real, but this court's dispute procedure is a short joint letter, not

[45] Mot. – ECF No. 178 at 4–5; Reply – ECF No. 182 at 4.

[46] Kim Reply Decl. – ECF No. 182-1 at 1–2 (¶¶ 2–7).

[47] *Id.* at 2 (¶ 6).

motion practice, and it exists for exactly this situation. The plaintiff's cases measure diligence by short intervals (one month in *Norton*, three in *Radware*) between learning new facts and moving, on records of otherwise diligent pursuit. They do not cover the gaps here.[48]

As to Deputy Ng, the reply changes nothing because it says nothing: it does not address Deputy Ng's timeline at all. The plaintiff identified Michael Ng to the court on December 11, 2025, and obtained his special appearance in January 2026. He then took no discovery at all directed to Deputy Ng's identity, allowed the June 18 deadline to pass, and moved on September 4, 2026, nearly nine months after the identification.[49] A comparable gap between obtaining the relevant facts and moving for leave is unreasonable. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (eight-month delay unreasonable). The plaintiff's explanation — that courts disfavor piecemeal amendment — is a reason to consolidate requests made within a deadline, not a license to disregard one.[50] If a single consolidated motion was preferable, the remedy was a timely request to extend the June 18 deadline (relief the plaintiff has sought and obtained before for other deadlines), not silence.[51] And counsel's declaration that he is now "confidently certain" that Michael Ng is the right deputy identifies nothing learned about Deputy Ng since January 2026, when the plaintiff told the court that he had "no way of determining" as much.[52]

As to Deputy Gutierrez, the strongest version of the plaintiff's account still falls short. The January 11, 2023, transport records (the documents that ultimately identified him) were requested in November 2024, and that request was never enforced. Identification discovery resumed in November 2025 and misfired through the spring: Edward C. Gutierrez, then Marco Gutierrez, then a star number assigned to a deputy with a different surname. After another gap (no identification

[48] *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2020 WL 2557003, at *4 (N.D. Cal. May 19, 2020); *Radware, Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *2 (N.D. Cal. 2014); Reply – ECF No. 182 at 4.

[49] ECF Nos. 119, 130; Wald Decl. – ECF No. 180-1 at 2 (¶ 2).

[50] Mot. – ECF No. 178 at 5.

[51] *Cf.* Order – ECF No. 118 (extending the service deadline at the plaintiff's request).

[52] Kim Decl. – ECF No. 178-1 at 1 (¶ 2); ECF No. 130 at 2.

discovery between December 2025 and mid-May 2026), the plaintiff served new requests a month before the deadline. Those requests were overbroad, and he directed them to the CCSF (by then a non-party), without a subpoena, choices that contributed to the delay that followed.[53] The reply's arithmetic (a miss of "less than three months" caused by a production that came "over three months later" than requested) starts the clock in May 2026. The clock starts earlier. A party who leaves essential discovery unenforced for a year and a half and then leaves the renewed effort to the eve of the deadline has not shown that the deadline could not "reasonably be met despite [his] diligence." *Mammoth Recreations*, 975 F.2d at 609 (cleaned up).

The lack of diligence ends the Rule 16(b) inquiry. *Id.* The court nonetheless reaches futility because it independently disposes of the motion.

**2. Amendment Would Be Futile**

**2.1 The Claims Are Time-Barred and Do Not Relate Back**

Section 1983 borrows the forum state's limitations period for personal-injury actions, which in California is two years. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. The same two-year period governs the IIED claim. Cal. Civ. Proc. Code § 335.1. The claims against Deputies Ng and Gutierrez accrued in January 2023, when the alleged conduct occurred. Absent tolling, the limitations period expired in January 2025, twenty months before this motion. The motion does not address timeliness, and the plaintiff identifies no basis for tolling.[54] The proposed amendment therefore is timely only if it relates back to an earlier, timely pleading. It does not, under either federal or California law.

---

[53] Order – ECF No. 172; Opp'n – ECF No. 180 at 10 & n.3 (citing ECF No. 172, 175); Wald Decl. – ECF No. 180-1 at 2 (¶¶ 2–3).

[54] California tolls the limitations period, for up to two years, for a plaintiff "imprisoned on a criminal charge" when the claim accrues, Cal. Civ. Proc. Code § 352.1(a), but that tolling does not reach pretrial detainees held in county jail. *Austin v. Medicis*, 21 Cal. App. 5th 577 (2018); *Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020) (following *Austin*). Even assuming tolling through the plaintiff's release on April 6, 2024, the two-year period would have expired by April 2026 — months before this motion. And the 2026 discovery dispute postdates the expiration and could not toll a period that had already run.

United States District Court
Northern District of California

Federal law first. Rule 15(c)(1)(C) permits an amendment changing a party to relate back only if, within the Rule 4(m) period for serving the original complaint, the party to be added (1) received such notice of the action that it will not be prejudiced in defending on the merits and (2) knew or should have known that the action would have been brought against it "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Suing a Doe defendant because the plaintiff does not know who the defendant is — and later substituting the true name — is not a mistake of identity: the plaintiff was not mistaken about whom he sued; he did not know. That is the Ninth Circuit's view, albeit in an unpublished decision, and the view of every circuit to decide the question in the last four decades. *Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018); *accord Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (collecting cases); *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *see also Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1144 (N.D. Cal. 2010). The plaintiff's contrary authority, *James v. Sabella*, No. 22-cv-05939-SI, 2024 WL 2969964, at *3 (N.D. Cal. June 11, 2024), declined to treat *Boss* as dispositive. This court adheres to the consensus view.

The notice requirement independently defeats relation back, and *Sabella* does not bridge the gap. Rule 15(c)(1)(C) requires notice (actual or constructive) within "the period provided by Rule 4(m) for serving the summons and complaint": the service period tied to the original complaint. Fed. R. Civ. P. 15(c)(1)(C); see *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545–50 (2010) (describing the inquiry). No one received notice in that period: the case was in screening, no summons issued until March 18, 2024 (a year after filing), and the first executed service, of the First Amended Complaint, came on April 11, 2024.[55] The constructive notice found in *Sabella* rested on representation: the newly named deputy there still worked for the county and was represented by the same county counsel who was defending the suit. 2024 WL 2969964, at *3. Here, the CCSF said expressly, and has repeated since, that it did not appear for the unidentified

[55] Order – ECF No. 32 at 7; Reply – ECF No. 182 at 6 (citing ECF Nos. 39, 41); Opp'n – ECF No. 180 at 6–7.

"Deputy Ng."[56] Nor could notice have reached a particular deputy. The complaint's description (a date, a housing pod, a surname) did not identify one: the CCSF employed seven deputies named Ng and four named Gutierrez during the relevant period; three deputies named Ng worked at County Jail 3; and as late as January 2026, the plaintiff himself, rosters in hand, could not say which Ng he meant.[57] If the plaintiff could not identify the deputies from his own allegations, the deputies (even through the CCSF) could not have known from those allegations that the action was meant for them. *Cf. White v. City of Los Angeles*, No. CV 19-00243 DDP (RAOx), 2020 WL 9893054, at *6 (C.D. Cal. July 24, 2020) (officers should have known they might be named where the complaint described their conduct). On this record, the first accusation against Michael Ng came on December 11, 2025, and the first against Alexander Gutierrez on August 26, 2026, years after any Rule 4(m) period closed.[58]

The plaintiff's remaining federal argument — that under *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990), the time to serve runs from the filing of the complaint that names a defendant, so "[t]he time to serve them will begin once he files his Fourth Amended Complaint" — addresses the wrong clock.[59] *McGuckin* concerns when a later-named defendant may be dismissed for untimely service. It does not enlarge Rule 15(c)(1)(C)'s notice window, which the rule ties to the service period for the original complaint. If an amended complaint's own service period could supply the required notice, the notice element would never do any work: every substituted defendant would "learn of" the action by being served with the amendment. The rule requires the opposite — knowledge of the action during the original period — so that the delay in naming the defendant causes no prejudice.

California law does not help either. Rule 15(c)(1)(A) permits relation back under state law where, as here, state law supplies the limitations period and is more forgiving than the federal rule.

---

[56] Mot. – ECF No. 45 at 1 n.2; Opp'n – ECF No. 180 at 6 n.1, 7–8; Wald Decl. – ECF No. 180-1 at ¶ 3.

[57] Opp'n – ECF No. 180 at 9 (citing ECF No. 128); Wald Decl. – ECF No. 180-1 at 2 (¶ 2) & Ex. A; ECF No. 130.

[58] ECF No. 119; Wald Decl. – ECF No. 180-1 at 2 (¶ 3).

[59] Reply – ECF No. 182 at 5–6.

*Butler*, 766 F.3d at 1200–01. (The plaintiff's suggestion that "federal law applies" because it is "more permissive" has it backwards: Rule 15(c)(1) lets him invoke whichever body of relation-back law is more forgiving, but he must satisfy one of them, and he satisfies neither.)[60] California's fictitious-name practice is more forgiving, but on its own terms: a plaintiff who sues a Doe defendant under Cal. Civ. Proc. Code § 474 must identify the defendant, amend, and serve him within three years of commencing the action. Cal. Civ. Proc. Code §§ 583.210(a), 583.250; *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799–801 (9th Cir. 1986) (the three-year service requirement applies to § 474 amendments in federal court); *Inversiones Papaluchi S.A.S. v. Superior Court*, 20 Cal. App. 5th 1055, 1061 (2018) (the deadline is "mandatory") (cleaned up); *Andrews v. Jung*, No. C 12-4614 LB, 2013 WL 4029056, at *3 (N.D. Cal. Aug. 6, 2013). Genuine ignorance of the deputies' names when the plaintiff sued (which the defendants do not dispute) satisfies § 474's threshold; the three-year service condition is the one he cannot meet. He commenced this action no later than March 10, 2023, so the period ran on March 10, 2026.[61] Neither deputy has been served, then or since. Michael Ng's January 2026 special appearance, made to consent to magistrate-judge jurisdiction in reliance on the court's order that consenting waived no service defenses, was not a general appearance and did not satisfy or excuse service.[62]

The plaintiff's state-law answers do not change this. The misnomer cases he quotes from *Butler* involve a defendant who was actually sued and brought into the case under the wrong name. Correcting the name then relates back because the right party was there all along. 766 F.3d at 1201. Neither deputy was ever served or appeared generally under any name; this is fictitious-name substitution under § 474, and § 474's conditions apply.[63] Nor does § 583.240(d) exclude any time. The plaintiff quotes the subdivision's first sentence, which excludes time when service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control." But the

[60] *Id.* at 6.

[61] Compl. – ECF No. 8; Reply – ECF No. 182 at 6 (citing Opp'n – ECF No. 180 at 14 and ECF No. 167). Measuring from the February 24, 2023, letter, Letter – ECF No. 1, only shortens the period.

[62] Order – ECF No. 118; Report – ECF No. 128; *cf.* Cal. Civ. Proc. Code § 583.220.

[63] Reply – ECF No. 182 at 6 (also citing *Grewal v. City of Palo Alto*, No. 5:23-cv-00802-PCP, 2025 WL 690389, at *3 (N.D. Cal. Mar. 4, 2025), which applied the § 474 framework).

subdivision continues: "[f]ailure to discover relevant facts or evidence is not a cause beyond the plaintiff's control." Cal. Civ. Proc. Code § 583.240(d). That is this case. The reason the deputies were not served (before, during, and after the screening period) was that the plaintiff had not discovered who they were. The exclusion the plaintiff seeks is the one the statute forbids. *Crane v. Dolihite* is different: the incarcerated, self-represented plaintiff there knew exactly whom he was suing and could not accomplish the mechanics of service without the help of the court and the sheriff. 70 Cal. App. 5th 772, 787–92 (2021). Mr. Johnson has been represented by counsel since November 2023, and his obstacle was never the mechanics of service; it was identity, a problem the statute leaves with the plaintiff. Nor was the screening order's treatment of "Guitierez" a cause beyond the plaintiff's control: the order's effect was apparent on the docket, counsel recognized it by August 2024, and the plaintiff never sought relief from it.[64]

Because the claims against both proposed defendants are untimely and do not relate back, amendment would be futile. *Novak*, 795 F.3d at 1020.

**2.2 The Government Claims Act Bars the Claim Against Deputy Gutierrez**

The only claim the proposed pleading asserts against Deputy Gutierrez is state-law IIED based on his alleged January 11, 2023, comments.[65] A plaintiff must file suit on a rejected government claim within six months of the written rejection. Cal. Gov't Code § 945.6(a)(1). The CCSF rejected Mr. Johnson's claim on December 18, 2023, so the period ran in June 2024. The plaintiff answers that his First Amended Complaint (filed January 12, 2024) was within the six months.[66] It was. But the claim against "Deputy Guitierez" did not survive that pleading: the screening order did not direct service on him, the docket reflects his termination in March 2024, and the plaintiff sought no relief from that order. Re-adding the fictitious "Guitierez" by stipulated amendment in July 2024 (without leave) came after the six-month period closed, and naming Alexander Gutierrez in September 2026 is more than two years too late unless the amendment relates back. It

---

[64] *Id.* at 6–7 (citing ECF Nos. 7, 33, 51); Order – ECF No. 38.

[65] Proposed 4AC – ECF No. 178-2 at 20 (¶¶ 86–90); Opp'n – ECF No. 180 at 15.

[66] Denial – ECF No. 56-3; Reply – ECF No. 182 at 7.

does not, for the reasons above. A superseded 2024 pleading does not make a 2026 amendment timely under a deadline that California courts apply strictly. *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 982 (1998).[67]

The defendants also contend that the court would lack supplemental jurisdiction over this stand-alone state-law claim; the plaintiff responds with the court's own observation, in declining to sever the case, that the claims are "plausibly connected by allegations of a chain of retaliatory events."[68] Because the claim is time-barred, the court does not reach the question.

**2.3 The Proposed Pleading Does Not Conform to the Court's Orders**

Finally, the proposed pleading does not do what the motion says it does. The motion describes the amendment as clarifying what claims and which defendants remain.[69] The proposed Fourth Amended Complaint instead reinserts paragraphs 20 and 47 of the Third Amended Complaint — which the court struck in June 2025, without leave to amend — as new paragraphs 18 and 45, and it retains the Bane Act claim that the court dismissed entirely on August 25, 2026.[70] The plaintiff concedes that the stricken paragraphs were reinserted inadvertently and offers to remove them but does not address the Bane Act claim.[71] The concession confirms the larger point: no conforming amendment is needed — the court's orders, including the August 25, 2026, catalog of the live claims, already establish what remains — and this pleading would not conform in any event.

Because the plaintiff was not diligent and the amendment would be futile, the court does not reach the defendants' remaining arguments about undue delay, prejudice, and repeated failure to cure. When the court last denied further leave to amend, it observed that "[i]t is time for the case to proceed."[72] It still is.

---

[67] Order – ECF No. 38; Opp'n – ECF No. 180 at 15–16.

[68] Opp'n – ECF No. 180 at 17–19; Reply – ECF No. 182 at 7–8 (quoting Order – ECF No. 153 at 8).

[69] Mot. – ECF No. 178 at 2.

[70] Proposed 4AC – ECF No. 178-2 at 6 (¶ 18), 11 (¶ 45), 19 (¶¶ 83–85); Order – ECF No. 89 at 8–9; Order – ECF No. 175 (Aug. 25, 2026); Opp'n – ECF No. 180 at 19.

[71] Reply – ECF No. 182 at 8–9.

[72] Order – ECF No. 89 at 8–9.

## CONCLUSION

The court denies the motion for leave to file a Fourth Amended Complaint. Because the Doe defendants — including “Deputy Ng” and “Deputy Guitierez” — were never identified, named, and served within the time allowed, and because the limitations period on the claims against them has run, the court dismisses the claims against the Doe defendants without prejudice. Fed. R. Civ. P. 4(m).[73] This resolves ECF No. 178.

**IT IS SO ORDERED.**

Dated September 25, 2026

LAUREL BEELER
United States Magistrate Judge

[73] Rule 4(m) permits dismissal on the court’s own motion after notice to the plaintiff; the defendants’ opposition raised the issue, and the plaintiff responded in his reply. Opp’n – ECF No. 180 at 16–17; Reply – ECF No. 182 at 5–6. The plaintiff’s contention that the time to serve will begin only when a Fourth Amended Complaint is filed fails with the denial of leave; the service period for the operative complaint, as extended, expired on December 11, 2025. Order – ECF No. 118. A dismissal without prejudice does not permit refiling when the limitations period has run. *In re Domingo*, No. AP 15-01178-ABL, 2017 WL 6601773, at *6 (B.A.P. 9th Cir. Dec. 26, 2017).