United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MATTHEW JOHNSON,

Plaintiff,

v.

MARCO GUTIERREZ, et al.,

Defendants.

Case No. 23-cv-00843-LB

**ORDER**

Re: ECF No. 187

**INTRODUCTION**

Plaintiff Matthew Johnson's lawyer cannot find his client. On that ground, he moves to quash the defendants' notice of Johnson's deposition, set for November 10, 2026, and for a protective order.[1] The defendants oppose the motion: they asked for deposition dates for nearly three weeks before serving the notice, and they have offered to move the deposition to any agreed-to date in November. The court denies the motion. A lawyer's inability to reach his client is not good cause under Rule 26(c) to bar a deposition that the defendants are entitled to take. The deposition will go forward on November 10, or on another November date that the parties agree to. If Johnson does not appear, the defendants may seek relief under Rules 37(d) and 41(b).

[1] Mot. – ECF No. 187; Opp'n – ECF No. 189. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

**STATEMENT**

Johnson, a former pretrial detainee at the San Francisco County Jail, sued jail employees under 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement.[2]

On October 9, 2026, defense counsel emailed Johnson's lawyer asking for Johnson's deposition availability by the parties' October 15 meet-and-confer. No dates were offered at the meet-and-confer, and defense counsel followed up that day asking for dates by October 16.[3] On October 16, Johnson's lawyer told defense co-counsel by phone that he could not reach Johnson and that Johnson's mother could not locate him either.[4] Over the next eleven days he kept trying, including by checking the Sheriff's Office inmate locator, without success.[5] On October 27, defense counsel asked whether Johnson was refusing to appear. His lawyer replied within half an hour that he still could not reach Johnson and would let her know when he did.[6] The defendants served the deposition notice that day, setting the deposition for November 10.[7] Johnson's lawyer asked them to withdraw it. On November 2, defense counsel declined but offered to reschedule to any November date if Johnson's lawyer could provide available dates.[8] No dates have been offered.[9]

As of November 4, Johnson's lawyer still had not located him. Johnson is not in the Sheriff's custody, calls and texts to his last known number go unanswered and his voicemail is full, and his mother has not been reachable for two weeks.[10]

---

[2] Order – ECF No. 183 at 2 (summarizing case).

[3] Wald Decl. – ECF No. 189 at 4 (¶ 2).

[4] Kim Decl. – ECF No. 187-1 at 1 (¶ 3).

[5] *Id.* at 2 (¶ 4).

[6] *Id.* (¶¶ 5–6); Wald Decl. – ECF No. 189 at 4 (¶ 2).

[7] Kim Decl. – ECF No. 187-1 at 2 (¶ 7); Wald Decl. – ECF No. 189 at 4 (¶ 2); Email, Ex. A to *id.* – ECF No. 189-1.

[8] Kim Decl. – ECF No. 187-1 at 2 (¶¶ 8–9); Email, Ex. A to Wald Decl. – ECF No. 189-1 at 2.

[9] Wald Decl. – ECF No. 189 at 4 (¶ 2).

[10] Kim Decl. – ECF No. 187-1 at 2 (¶ 10).

United States District Court
Northern District of California

Johnson filed the motion on November 4 and noticed it for hearing on December 10, a month after the deposition date. The court shortened the time for the motion by treating it as an administrative motion.[11]

## ANALYSIS

### 1. No Good Cause for a Protective Order

The defendants may depose Johnson without leave of court, and they conferred with his lawyer before serving the notice, as the local rules require. Fed. R. Civ. P. 30(a)(1); Civil L.R. 30-1. A deposition notice to a party is not a subpoena, so there is nothing to quash. The motion is one for a protective order under Rule 26(c), which requires good cause. Fed. R. Civ. P. 26(c)(1). The movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," showing that specific prejudice or harm will result without the order. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (cleaned up); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Johnson has not made that showing. The only ground for the motion is that his lawyer cannot find him. That explains why the lawyer cannot offer dates. It does not explain why the defendants should be barred from a deposition they are entitled to take. They asked for dates for nearly three weeks before serving the notice, set the deposition two weeks out, and then offered to move it to any November date Johnson's lawyer proposed. Johnson is the plaintiff. He chose to bring this case, and he must prosecute it, including by participating in discovery such as his deposition. His lawyer says only that he cannot prepare Johnson or produce him,[12] which goes to whether the deposition can happen, not whether it should. The defendants, by contrast, face real prejudice: deposing the plaintiff is part of defending their case.[13] The motion is denied.

---

[11] Mot. – ECF No. 187 at 1; Order – ECF No. 188. The CCSF opposed the motion. Opp'n – ECF No. 189. Johnson did not file the optional reply that the court's order at ECF No. 188 authorized.

[12] Mot. – ECF No. 187 at 3.

[13] Opp'n – ECF No. 189 at 2.

**2. The Deposition Date**

The deposition will proceed on November 10, 2026, as noticed, unless the parties agree on another November date, as the defendants have offered. Fed. R. Civ. P. 26(c)(2). Johnson's failure to appear for his deposition will not, on this record, be excused. Fed. R. Civ. P. 37(d)(2). If Johnson does not appear, the defendants may seek sanctions under Rule 37(d), which can include dismissal, and may move to dismiss for failure to prosecute under Rule 41(b).
Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3); Fed. R. Civ. P. 41(b).

Given that November 10 is next week, the court suggests that the parties agree to some modest additional time past November 10 to allow Johnson's lawyer to find him. By Monday, November 9, the parties must confer and try to agree to a new date later this month. Given the holidays, the week of November 16 makes the most sense. If Johnson does not appear, the defendants may seek sanctions under Rule 37(d), which can include dismissal, and may move to dismiss for failure to prosecute under Rule 41(b).

**CONCLUSION**

The court denies the motion. The deposition will proceed on November 10, 2026, or on another November date that the parties agree on. If Johnson does not appear, the defendants may seek relief under Rules 37(d) and 41(b).

This resolves ECF No. 187.

**IT IS SO ORDERED.**

Dated: November 6, 2026

LAUREL BEELER
United States Magistrate Judge